## Mehalek v. Mehalek

*Goldman, Cygan & Weinblatt*, for plaintiff.
*Samuel M. Shipes*, for defendant.

MONROE, J., September 20, 1960. — We regret that we are obliged to recommit to the master the report filed by him in this case. The grounds for the divorce, as alleged in the complaint, are indignities, and

adultery by defendant with a named corespondent upon a specific date, at a specified place. The corespondent was notified of the pendency of the action, that he had been named as corespondent and of the time and place of the master's hearing. He did not appear in person or by counsel.

At the master's hearing, which was attended by the following, plaintiff and his counsel, defendant and her counsel and witnesses for plaintiff, the following colloquy took place:

"Mr. Goldman: Now, sir, I wish to state for the record that in our divorce complaint we instituted an action here against Mrs. Mehalek on the grounds of indignities to the person and adultery. Today, sir, we are going to present our case in toto on the grounds of indignities and also adultery since if the act of adultery be proved by us it in effect would be an indignity in itself. However, we are only going to ask the master to file his report with the court on the ground of indignities alone and not on the ground of adultery without, however, prejudicing our proceeding at a later time in this court and before you on the ground of adultery in the event the court sees fit not to grant the divorce on the ground of indignities, our not having made out our case on the ground of indignities.

"The Master: So that I am clear, at this time you are not going to proceed on the ground of adultery?

"Mr. Goldman: That is right. However, I want it clearly understood that we are not withdrawing the charge of adultery at this time, but we are proceeding without prejudice on indignities alone, reserving the right to proceed at a later time in this proceeding before you and this court on the ground of adultery in the event the court sees fit not to grant the divorce on the ground of indignities.

"The Master: All right."

Counsel for defendant and defendant remained silent.

We cannot agree with the conclusion of the master, who accepted the procedure adopted by plaintiff and without discussion or consideration thereof in his report, recommended that a decree of divorce be granted on the ground of indignities, endorsing the title page of his report with "master's note: the ground of adultery was withdrawn without prejudice". Plaintiff may not plead two grounds for divorce, and present evidence in support thereof, temporarily withdraw one ground from the consideration of the master and this court, wait to see what happens and, if he dislikes what he finds, have this court consider his alternate ground. Such procedure would protract litigation and seriously hamper the administration of the court's business. We would be justified in determining this case upon the grounds alleged in the complaint, ignoring plaintiff's desired procedure. Compare Miller v. Miller, 76 D. & C. 223 (1950).

However, since this case must be resubmitted to the master for other reasons, we will permit plaintiff to elect now, as he should have elected prior to the master's hearing, whether his case shall be determined upon both grounds alleged in the complaint or upon the ground of indignities alone. If the latter, and if plaintiff does wish presently to eliminate adultery as a ground, but also to attempt to reserve that issue for possible future action, then he must proceed in the manner prescribed by the rules of court for amendment of his complaint. See Miller v. Miller, supra . . .

Therefore, this case must be returned to the master, with leave, which is hereby granted, to plaintiff to make application to this court for an allowance of an amendment of his complaint as to the ground of adultery, if he shall so desire, and with leave to the master, plaintiff, defendant and the named corespon-

dent, to take and produce such additional and further testimony as may be relevant with respect to the ground or grounds for divorce upon which this case shall proceed, and as shall be necessary to enable the master to file an amended report conforming to the matters hereinabove referred to and the rules of this court. The parties and the corespondent shall be given notice, in accordance with the rules of court, of any further hearings to be held by the master.

### Order

And now, to wit, September 20, 1960, the above case is referred back to the master; the master and the parties are directed to proceed in accordance with this opinion; at the conclusion of plaintiff's proceedings for the amendment of his complaint, if he shall so proceed, or upon plaintiff's election to proceed on both grounds for divorce stated in the complaint, and following the close of testimony, the master is directed to file an amended report in accordance with the rules of this court. Notice of the filing of the amended report, and exceptions thereto, shall be given and may be taken, as provided by the rules of this court, with respect to original reports of masters.